**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| SANDRA LYNN HEMME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:25-cv-06132-RK |
| | ) | |
| THE CITY OF ST. JOSEPH, MISSOURI, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Sandra Lynn Hemme filed this wrongful-conviction lawsuit asserting various claims under 42 U.S.C. § 1983 and Missouri law against the City of St. Joseph, Missouri, ("City") and eight members of the City's police force (collectively, "Defendants"). Before the Court is the City's motion to dismiss Counts 7 through 10 of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) The motion is fully briefed. (Docs. 20, 25, 33.) After careful consideration and for the reasons stated below, the motion to dismiss is **DENIED**.

### Legal Standard

To survive a motion to dismiss for failure to state a claim under 12(b)(6), a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not need to include detailed factual allegations, the complaint must allege "more than a sheer possibility that a defendant acted unlawfully" to survive a motion to dismiss. *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 371 (8th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court generally "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. 662, 678 (2009).

1

**Discussion**

Plaintiff alleges that police officers employed by the City framed her for a 1980 murder, causing her to be wrongfully convicted and spend forty-three years in prison. Plaintiff asserts ten counts against Defendants including six claims pursuant to § 1983 (Counts 1 through 6) and four state tort law claims (Counts 7 through 10).

## I. Sovereign Immunity (on Counts 7 through 9)

The City moves to dismiss the state law claims asserted against it (Counts 7 through 9[1]), arguing (1) it is entitled to sovereign immunity, and (2) Plaintiff failed to adequately plead facts supporting her claim that the City waived its sovereign immunity through the purchase of liability insurance. The Court disagrees.

Sovereign immunity precludes suit against the government without its consent, and "in the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the propriety function and consent exceptions, sovereign immunity is the rule and applies to all suits against public entities." *Church v. Missouri*, 913 F.3d 736, 743 (8th Cir. 2019) (quoting *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 914 (Mo. banc 2016)).

Section 537.610.1, RSMo, permits political subdivisions of the state to purchase liability insurance for tort claims. Said purchase waives sovereign immunity but "only to the maximum amount of and only for the purposes covered by such policy of insurance." *Id.* A party pleading an exception to sovereign immunity must prove "the existence of an insurance policy and that the terms of the policy cover the plaintiff's claims." *Jiang v. Porter*, 156 F. Supp. 3d 996, 1007 (E.D. Mo. 2015) (citing *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008)). "Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity." *Id.* (citing *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003)).

The City argues that Plaintiff failed to plead "specific policy terms, [] exclusions, or coverage provisions," and asserts, without citation, that "Plaintiff must at the outset provide the

---

[1] The City also argues that Count 10 is subject to dismissal on sovereign immunity grounds. That argument is addressed in the next section of this Order.

2

specific policy language relied upon." (Doc. 20 at 13; Doc. 33 at 1.) While Plaintiff must plead specific facts demonstrating the existence of an insurance policy with terms that cover the claims alleged, Plaintiff need not plead the specific policy language.

Taking Plaintiff's allegations as true, Plaintiff has plead allegations sufficient to invoke § 537.610.1's insurance-waiver provision. Plaintiff alleges:

> [The City] purchased and maintained policies of insurance that provided insurance coverage for the misconduct alleged in this Complaint. These policies included but were not limited to an insurance policy issued by Hartford that covered the false arrest, detention or imprisonment, or malicious prosecution alleged in this Complaint. Collectively, the insurance policies provided insurance coverage in amounts yet to be determined but in excess of two million dollars in maximum coverage. By purchasing insurance policies that more [sic] than two million dollars in coverage for the misconduct alleged in this case, [the City] waived sovereign immunity under Mo. Rev. Stat. § 537.610.

(Doc. 16 at ¶ 160.)

Plaintiff has alleged the existence of an insurance policy through Hartford which specifically covers her claims of false arrest, detention or imprisonment, and malicious prosecution alleged in Counts 7 through 9. *See Kunzie v. City of Olivette*, 184 S.W.3d 570, 574 (Mo. 2006) (Plaintiff's allegations "that the city maintains liability insurance 'to handle the consequences of employment related actions brought against them'" sufficiently plead the insurance-waiver provision at the motion to dismiss stage). *Compare Taylor v. St. Louis Cnty.*, No. 4:24-CV-00034-AGF, 2024 WL 3413263, at *8 (E.D. Mo. July 15, 2024) (plaintiff appropriately alleged the insurance-waiver provision where he alleged "specific conduct that he argues is covered by an insurance policy, the time it occurred, the place it occurred, and the circumstances under which it occurred, in particular, regarding his allegations against St. Louis County's correctional officers") *with A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 635 (Mo. Ct. App. 2016) (allegation that the school district "has insurance through the United School Insurance Council, which provides coverage for the incident in question" was insufficient to invoke the insurance-waiver provision because it was "unclear to what 'incident in question'" plaintiff referred to—plaintiff's complaint otherwise failed to allege any details of a particular incident and were therefore conclusory). Plaintiff should have the opportunity to prove her allegations, including the contents of the insurance policy, through discovery. *See Kunzie*, 184 S.W.3d at 574. Accordingly, the Court **DENIES** the City's motion to dismiss Counts 7 through 9 based on sovereign immunity.

3

## II.     Indemnification (Count 10)

The City also argues that Plaintiff's claim for "Indemnification" in Count 10 fails to state a claim upon which relief can be granted. The City argues that "[t]he doctrine of indemnity applies only where an identical duty owed by one is discharged by another," and Plaintiff cannot plausibly allege that she had a coextensive duty with the City "which she discharged to the benefit or enrichment of the City" to support an indemnity claim as a matter of fact or law. (Doc. 20 at 11 (quoting *State ex rel. Manchester Ins. & Indem. Co. v. Moss*, 522 S.W.2d 772, 774 (Mo. banc 1975)).

While Count 10 is captioned, "Indemnification," the substance of Count 10 clearly does not set forth a claim of contractual indemnity but instead alleges the City's waiver of its sovereign immunity related to the conduct alleged in Counts 7 through 9 by virtue of its employment of the police officers and purchase of a corresponding insurance policy. The Court analyzes the substance of the claim rather than the caption. Count 10, in its entirety, provides: (1) "In committing the tortious conduct alleged in Counts [7, 8, and 9], the Individual Defendants were members and agents of the City of St. Joseph acting at all relevant times within the scope of their employment"; (2) "The City of St. Joseph is liable as the principal for all torts committed by its agents"; and (3) the paragraph set forth *supra* detailing the City's insurance policy. (Doc. 16 at ¶¶ 158-60.)

Plaintiff as much as acknowledges the imprecise framing of Count 10 and she explains that she "alleged these facts as a separate count in order to put the City [] on notice that its purchase of insurance policies waived sovereign immunity for the alleged misconduct" in Counts 7 through 9. (Doc. 25 at 4 n.1.) To the extent that Count 10 is framed as a separate and distinct claim (i.e., that paragraphs 158 through 160 constitute a separate claim for "indemnification" against the City pursuant to Missouri law), that portion of the Amended Complaint is **STICKEN**. However, the factual allegations contained in paragraphs 158 through 160 of the Amended Complaint remain.

### Conclusion

After careful consideration and for the reasons stated above, the City's motion to dismiss is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 10, 2026

4