| | | |
|---|---|---|
| SANDRA LYNN HEMME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF ST. JOSEPH, MISSOURI; | ) | Case No. 5:25-cv-06132-RK |
| JAMES ROBERT HAYES; TERRY | ) | |
| BOYER; RONALD FISHER; STEVEN | ) | |
| FUESTON; MIKE HIRTER; HOWARD | ) | |
| KEMPER; JOHN MUEHLENBACHER; | ) | |
| LLOYD PASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Sandra Lynn Hemme brings this wrongful-conviction lawsuit asserting various claims under 42 U.S.C. § 1983 and Missouri law against the City of St. Joseph, Missouri, ("City"), seven members of the City's police force, and an investigator of the Buchanan County Prosecutor's Office. The following motions are pending before the Court: (1) the City's motion for more definite statement of the Second Amended Complaint, (Doc. 66); (2) Defendants Steven Fueston and Howard Kemper's motion for more definite statement of the Second Amended Complaint, (Doc. 67); and (3) Plaintiff's motion to file a third amended complaint, (Doc. 79). Defendants Fueston and Kemper joined in the City's motion for more definite statement, but did not file suggestions in support or a reply brief. (Doc. 67.) Plaintiff responded and the City filed a reply. (Docs. 69, 75.) Only the City has filed an opposition to Plaintiff's motion for leave to file a third amended complaint; Plaintiff filed a reply. (Docs. 83, 84.) After careful consideration and for the reasons stated below, the Court **ORDERS** that the City and Defendants Fueston and Kemper's motions for more definite statement, (Docs. 66, 67), are **DENIED**, and Plaintiff's motion for leave to file a third amended complaint, (Doc. 79), is **GRANTED**.

### Background

In Plaintiff's Second Amended Complaint, Plaintiff alleges that seven members of the City's police force and an investigator of the Buchanan County Prosecutor's Office ("Officer Defendants") framed her for the November 12, 1980 murder of Patricia Jeschke, causing her to be

1

wrongfully convicted and spend forty-three years in prison. Plaintiff asserts ten counts against various defendants including six claims pursuant to § 1983 (Counts 1 through 6) and four state tort law claims (Counts 7 through 10).

The Complaint was filed on July 24, 2025. On September 18, 2025, the City timely filed its answer and a partial motion to dismiss for failure to state a claim. (Docs. 12, 14.) Plaintiff filed a First Amended Complaint on October 1, 2025, which rendered the City's partial motion to dismiss moot. (Doc. 16.) On October 15, 2025, the City filed its answer to the First Amended Complaint and a similar partial motion to dismiss for failure to state a claim. (Docs. 18, 19.) On November 12, 2025, Defendants Fueston and Kemper filed their answer to the First Amended Complaint. (Doc. 28.)

Pursuant to the Court's Scheduling Order, the deadline to amend the pleadings was March 30, 2026. (Doc. 29.) On March 12, 2026, Plaintiff filed an unopposed motion for extension of time to amend the pleadings to May 29, 2026. (Doc. 47.) The Court granted Plaintiff's unopposed motion for extension of time, and the deadline to amend the pleadings was extended to May 29, 2026. (Doc. 48.) On May 29, 2026, Plaintiff filed an unopposed motion for leave to file a second amended complaint, which the Court granted the same day. (Docs. 60, 61.) The Second Amended Complaint added supplemental facts learned concerning Plaintiff's damages as well as a timeline pertaining to her postconviction proceedings. (Doc. 62.)

The City and Defendants Fueston and Kemper filed their respective motions for more definite statement of the Second Amended Complaint on June 12, 2026. (Docs. 66, 67.)

On July 22, 2026, Plaintiff moved for leave to file a third amended complaint for the sole purpose of adding Dr. Richard Jacks, the Chief Psychiatrist at St. Joseph State Hospital in 1980, as a defendant. (Doc. 79.) Plaintiff seeks to add Dr. Jacks to the already alleged Counts relating to Plaintiff's coerced confession.

### Discussion

### I. Motions for More Definite Statement (Docs. 66, 67)

On June 12, 2026, the City filed its motion for more definite statement of Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(e), arguing that Plaintiff impermissibly lumps all of the defendants together such that it is impossible for the City to know which factual allegations support which claims. (Doc. 66.) Defendants Fueston and Kemper joined the motion but did not provide additional briefing. (Doc. 67.)

2

Rule 8(a)(2) "requires only 'a short plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice' of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive statement is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." "Motions for more definite statement are designed to strike at unintelligibility rather than lack of detail in the complaint." *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001). "A motion for more definite statement should only be granted where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.'" *Rodgers v. Knight*, No. 2:13-CV-04033-NKL, 2013 WL 12183669, at *1 (W.D. Mo. Mar. 27, 2013) (citation and internal quotation marks omitted)). "A motion for more definite statement is 'not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations' nor is it to be used 'as a substitute for discovery in trial preparation.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder*, 207 F. Supp. 2d at 960). "Motions for a more definite statement are rarely granted in light of the liberal notice pleading standard of" Rule 8. *J.R.L. ex rel. Lee v. United States*, No. 2:08CV00037 JCH, 2008 WL 4561502, at *1 (E.D. Mo. Oct. 10, 2008).

The Second Amended Complaint is far from a "'shotgun pleading' . . . in which a plaintiff asserts every possible cause of action against a host of defendants for actions over a prolonged period . . . but without facts specific enough that those defendants can respond to the allegations" like the cases cited by the City. *Cf. Boggs v. Am. Optical Co.*, No. 4:14-CV-1434-CEJ, 2015 WL 300509, at *2 (W.D. Mo. Jan. 22, 2015) ("Based on the few facts alleged in the complaint, it is not plausible that all thirty-two defendants caused Boggs to be exposed to asbestos from two dozen kinds of products over a twenty-seven year period and in five different geographical locations."); *Blakely v. Nat'l Credit Adjusters, LLC*, No. 4:23-00096-CV-DGK, 2023 WL 3171550, at *1-2 (W.D. Mo. Apr. 28, 2023) (pro se "fill-in-the-blank Petition, which was originally filed in the Small Claims Court of Jackson County, Missouri" stated "almost no facts" and therefore was insufficient to alert the defendant as to which claims were brought).

For example, with respect to Defendants Fueston and Kemper, they are mentioned specifically by name throughout the Second Amended Complaint. Plaintiff alleges that (1) Defendants Kemper and Fueston (sometimes in concert with other Officer Defendants)

3

coercively interrogated Plaintiff at least eight times over the course of two weeks, (Doc. 62 at ¶¶ 1-3, 31-37); (2) Defendants Fueston and Kemper knew of Plaintiff's psychiatric impairments and took advantage of her vulnerabilities by coercing her into adopting a false confession, (*id.* at ¶¶ 31-37); (3) Defendant Fueston and Kemper's coercive tactics included taking Plaintiff to the scene of the crime and implanting details of the crime in her mind, (*id.* at ¶ 35); (4) Defendants Fueston and Kemper, in combination with the other Officer Defendants, suppressed and withheld critical *Brady* evidence related to Michael Holman, a St. Joseph police officer who emerged as the leading suspect in the murder, including that Defendant Fueston discovered the victim's earrings in Holman's home but suppressed that information and Defendant Kemper was aware of and a part of this conspiracy, (*id.* at ¶ 47); and (5) Defendant Fueston was tasked with verifying Holman's alibi but was unable to corroborate it, (*id.* at ¶ 45). It is unsurprising that many of the allegations of Officer Defendants overlap—Plaintiff alleges a shared conspiracy to frame Plaintiff for the murder.

Additionally, Plaintiff alleges that the City is subject to *Monell* liability because (1) her wrongful conviction was caused by the City's policies, practices, and customs governing investigations, confessions, handling of evidence, and pretrial detentions, (*Id.* at ¶¶ 102, 114, 119, 131, 138); (2) Defendant Police Chief ratified and approved Officer Defendants' misconduct as final policymaker, (*id.* at ¶¶ 66, 76, 86-89); and (3) the City's police department failed to train and supervise its officers, failed to discipline its officers, and lacked adequate policies which could have prevented the constitutional violations, and maintained a culture of impunity which permitted misconduct, (*id.* at ¶¶ 77-89). Finally, Plaintiff alleges that the City is liable for her state-law claims under a theory of respondeat superior. (*Id.* at ¶¶ 151, 158, 165.)

Plaintiff's Second Amended Complaint clearly satisfies Rule 8's pleading standard with respect to the City and Defendants Fueston and Kemper. It is not so vague or ambiguous that the City and Defendants Fueston and Kemper cannot reasonably prepare a response.

Moreover, the City previously filed not only an answer and a motion to dismiss[1] the Complaint, (Docs. 12, 13, 14), but it also filed an answer and a similar partial motion to dismiss the First Amended Complaint along with supporting memorandum, (Docs. 18, 19, 20). Defendants Fueston and Kemper answered Plaintiff's First Amended Complaint as well. (Doc. 28.) The

---

[1] The City argued that it was entitled to sovereign immunity from the state law claims asserted against it, an assertion the Court rejected. (Docs. 13, 20, 54.)

4

pleading style which the City and Defendants Fueston and Kemper take issue with, that is, the periodic grouping of defendants together rather than naming them individually every time they are mentioned, was present in the Initial Complaint and First Amended Complaint. Thus, the previously filed answers and motions to dismiss, along with substantive briefing in support, demonstrate the City and Defendants Fueston and Kemper's "ability to articulate Plaintiff's claim[s] enough to either admit or deny those claims in an answer." *Derby v. Wiskus*, No. 4:19-CV-2271 SRC, 2021 WL 214570, at *8 (E.D. Mo. Jan. 21, 2021).

For these reasons, the City and Defendants Fueston and Kemper's motions for more definite statement of the Second Amended Complaint are **DENIED**.

## II.    Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 79)

Plaintiff moves for leave to file a third amended complaint for the sole purpose of adding Dr. Jacks as a defendant. (Doc. 79.)

The Federal Rules of Civil Procedure provide that once an answer has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (internal quotation marks omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile." *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). An amendment is properly considered futile if the proposed amended pleading could not survive a motion to dismiss under Rule 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

Additionally, when a party seeks leave to amend outside the deadlines set forth in a scheduling order, the party must show good cause why the schedule should be modified. Fed. R. Civ. P. 16(b)(4). Under Rule 16, "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

Pursuant to the Court's Scheduling Order, the deadline to amend the pleadings was May 29, 2026. (Docs. 29, 48.) Plaintiff filed the present motion on July 22, 2026, arguing that good

5

cause exists to amend the Scheduling Order and Second Amended Complaint based on newly obtained evidence that implicates Dr. Jacks as a defendant in this case.

Plaintiff's counsel deposed Dr. Jacks on June 26, 2026, and the transcript was certified on July 13, 2026. (Doc. 79-2 at 241.) One of Plaintiff's allegations in the Second Amended Complaint is that Defendants Fueston, Hirter, Kemper, and Boyer interrogated Plaintiff at the St. Joseph State Hospital where she was a psychiatric patient and under the influence of antipsychotic medications. (Doc. 62 at ¶¶ 33-35.) Plaintiff asserts in her motion for leave to file a third amended complaint that Dr. Jacks was the admitting physician who evaluated Plaintiff when she was involuntarily admitted to the State Hospital on November 25, 1980. (Doc. 79 at 2; Doc. 79-1 at ¶ 32.) Dr. Jacks sat in on at least four interrogations of Plaintiff at the State Hospital, observing Defendant Fueston ask Plaintiff leading questions that caused her coerced and false confession without intervening. (Doc. 79-1 at ¶ 42.) Dr. Jacks admitted at his deposition that the psychotropic medications that Plaintiff was taking could have caused her to provide false information in these interrogation sessions, an admission unknown to Plaintiff prior to Dr. Jack's deposition, as he had never been questioned under oath concerning his involvement in Plaintiff's interrogations and her eventual confession. (*Id.* at ¶ 33.)

The City opposes Plaintiff's motion for leave to amend, but it does not dispute that good cause exists. The Court is satisfied that Plaintiff has learned additional information since the original deadline passed which makes amending the Second Amended Complaint appropriate and Plaintiff diligently attempted to comply with the deadline. Accordingly, good cause exists under Rule 16 to modify the Scheduling Order.

The City does contend, however, that Plaintiff's motion for leave to amend should be denied because it is futile and made in bad faith with a dilatory motive. (Doc. 83.) Plaintiff represents that Defendants Fueston and Kemper do not oppose the amendment, and that Defendant Pasley opposes the amendment. However, only the City has filed a brief in opposition.

The City offers no legal argument concerning why it believes the addition of claims against Dr. Jacks is futile. While the City cites to portions of Dr. Jacks' testimony that it believes refutes Plaintiff's proposed claims, any argument that evidence exists which contradicts Plaintiff's claims, even if it were supported, is improper at this stage.

Insofar as the City summarily states that the amendment is made in bad faith and with a dilatory motive, it likewise offers no legal or factual support for its contention, instead arguing

6

only that the addition of Dr. Jacks as a defendant will cause a delay of discovery and resolution of the case. The City's argument is rebutted by its own filings and actions thus far in the case. The City has not answered the Second Amended Complaint, and its motion for more definite statement was not ripe until July 10, 2026—less than two weeks before Plaintiff's motion for leave was filed. The initial discovery deadline was August 31, 2026, and on June 22, 2026, the parties jointly moved to extend the discovery deadline to November 30, 2026. (Doc. 68.) The Court granted the parties' request, and the close of discovery is currently pushed to November 30, 2026 (four months from now). (Docs. 70, 71.) The Court finds that Plaintiff's proposed additional claims offer minimal changes to the Second Amended Complaint—seeking only to add Dr. Jacks as a defendant to the already alleged counts, making additional, burdensome discovery by the City unlikely.

For these reasons, Plaintiff's motion for leave to file a third amended complaint is **GRANTED**.

## Conclusion

After careful consideration and for the reasons stated above, the Court **ORDERS** that (1) the motions for more definite statement, (Docs. 66, 67), are **DENIED**; (2) Plaintiff's motion for leave to file a third amended complaint, (Doc. 79), is **GRANTED**; and (3) Plaintiff shall file her Third Amended Complaint by **August 14, 2026**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 11, 2026

7